IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY DAVID DAVIS**                                                                        **PETITIONER**
**ADC #123330**

v.                           Case No. 4:21-cv-00462-KGB-JTK

**DEXTER PAYNE,** *Director*,                                                               **RESPONDENT**
**Arkansas Division of Correction**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

On May 27, 2021, Petitioner, Larry David Davis filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2). On December 10, 2020, and June 7, 2021, Mr. Davis filed other 28 U.S.C. § 2254 Petitions for Writ of Habeas Corpus involving the same conviction in both petitions. *Davis v. Payne*, Case Nos. 4:20-cv-01441-JM-ERE and 4:21-cv-00496-JM-ERE.[1] In this petition, however, Davis challenges a separate five-year conviction arising out of Pulaski County (Arkansas) Circuit Court.

Pending is Petitioner's motion to hold his petition in abeyance (Doc. No. 5).[2] Petitioner cannot meet the "good cause" standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), to justify granting a stay of these federal proceedings so that he may "return to state [court] to exhaust the

---

[1] Both cases were dismissed on July 27, 2021.

[2] On May 5, 2021, in Case No. CR-20-486, *Larry David Davis v. State of Arkansas*, the State of Arkansas affirmed Davis's guilty plea to theft of property in Pulaski County (Arkansas) Circuit Court Case No. 60CR-18-2635, where the trial court sentenced Davis as a habitual offender to five years' imprisonment and nolle prossed charges of commercial burglary and breaking or entering. The Arkansas Court of Appeals held, in part, that Davis's ineffective assistance of counsel claims are cognizable pursuant to Rule 37.1 following a guilty plea but were not preserved for its review because Davis did not raise them in his Rule 37.1 petition.

ineffective assistance of counsel claims[.]" Accordingly, the undersigned recommends that the Motion to Hold Federal Habeas Corpus Petition in Abeyance, Doc. No. 5, be denied.

Further, by Order dated June 2, the Court denied Petitioner's IFP motion and ordered him to pay the $5 statutory filing fee within thirty days. On June 25, Petitioner filed a Response to the Order and attached a "Scheduled Inmate Receipt" indicating his request made on June 15 that the filing fee be paid from his inmate trust account. To date, no payment has been received.

Local Rule 5.5(c)(2) provides that, if any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Petitioner has not paid the filing fee as directed. Therefore, the undersigned further recommends that the petition for writ of habeas corpus, Doc. No. 2, be dismissed without prejudice.

IT IS SO ORDERED this 3rd day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE