IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY DAVID DAVIS,**  PETITIONER
ADC #123330

v.  Case No. 4:21-cv-00462-KGB

**DEXTER PAYNE, Director**
**Arkansas Department of Correction**  RESPONDENT

## ORDER

The Court has received the Proposed Findings and Recommendations from United States Magistrate Judge Jerome T. Kearney entered on September 3, 2021 (Dkt. No. 6). Petitioner Larry David Davis filed timely objections to the Proposed Findings and Recommendations (Dkt. No. 7). Mr. Davis filed separately an affidavit supporting his request to proceed *in forma pauperis* (Dkt. No. 8). After a review of the Proposed Findings and Recommendations, and the timely objections received thereto, as well as a *de novo* review of the record, the Court adopts, in part, and declines to adopt, in part, the Proposed Findings and Recommendations (Dkt. No. 6).

The Proposed Findings and Recommendations recommend that the Court deny Mr. Davis's motion to hold his petition in abeyance while he returns to state court to exhaust his ineffective assistance of counsel claims and that the Court dismiss Mr. Davis's petition for failure to pay the filing fee within 30 days as required by the Court's June 2, 2021, Order (Dkt. No. 6, at 2-3).

In his objections, Mr. Davis states that he understands that the Arkansas Court of Appeals said that he "did not make the ineffective assistance of counsel claims" (Dkt. No. 7, at 2-3). Mr. Davis asks the Court to hold his federal habeas petition in abeyance while he exhausts his State court remedies (Dkt. No. 5). Judge Kearney recommends that the Court deny Mr. Davis's motion to hold his case in abeyance (Dkt. No. 6, at 3).

A review of the limited record before the Court indicates that, in addition to his unexhausted claims, Mr. Davis raises claims in his habeas petition that may have been exhausted with the State court including claims that the Pulaski County Circuit Court, Seventh Division, denied him a hearing on his Rule 37 petition; that his guilty plea was unlawfully induced or not made voluntarily; and that his conviction was obtained by use of a coerced confession (*See* Dkt. No. 2, at 4-5, 25, 88-92). Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), when a petitioner raises both exhausted and unexhausted claims in his petition the Court has discretion to stay the federal habeas petition to allow for exhaustion of state remedies, "if the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id*. (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State")).

The Arkansas Court of Appeals ruled that Mr. Davis failed to raise his ineffective assistance of counsel claims in his Rule 37 petition. *Davis v. State of Arkansas*, 2021 Ark. App. 210, *3-4 (May 5, 2021). To the extent that Mr. Davis seeks a stay to return to State court to exhaust his claims, the Court finds that, even if Mr. Davis had established good cause for his failure to exhaust his claims, a stay would be meritless because Arkansas Rule of Criminal Procedure 37.2(b) does not permit the filing of a second Rule 37 petition unless the original Rule 37 petition is specifically denied without prejudice to permit the filing a subsequent petition. Because Mr. Davis failed to bring all of his claims in his first Rule 37 petition, he will not be permitted to return to the Pulaski County Circuit Court to raise new ineffective assistance of counsel claims in a

second Rule 37 petition in State court.

To the extent that Mr. Davis might seek to return to State court to file a habeas proceeding, the Arkansas Supreme Court has held repeatedly that allegations of ineffective assistance of counsel are not cognizable in a habeas proceeding and can only be pursued in a Rule 37 proceeding. *Smith v. Hobbs*, 2012 Ark. 18, 4 (2012) (refusing to consider an inmate's petition for writ of habeas corpus challenging trial counsel's effectiveness, holding habeas corpus "is not a substitute for pursuing postconviction relief" under Ark. R. Crim. P. 37.1); *see also Rodgers v. Hobbs*, 2011 Ark. 443 (per curiam); *Johnson v. Hobbs*, 2010 Ark. 459 (per curiam).  Accordingly, the Court adopts Judge Kearney's Proposed Findings and Recommendations recommending that the Court deny Mr. Harris's motion to hold his federal habeas corpus case in abeyance (Dkt. Nos. 5; 6, at 3).

In his objections, Mr. Davis claims to have receipts where the $5.00 filing fee for this habeas petition was paid from his account to the Court, but he does not attach these receipts to his objections (Dkt. No. 7, at 3).  Further, as Judge Kearney observes, Mr. Davis has several pending federal habeas corpus cases (Dkt. No. 6, at 2), and the documents Mr. Davis attaches to this filings do not indicate to which federal habeas corpus case they correspond.  Mr. Davis also asserts in his objections that has no money in his inmate account and that he is sending an updated *in forma pauperis* application (Dkt. No. 7, at 3).  Mr. Davis filed an affidavit separate from his objections indicating that he does not have sufficient funds to pay the filing fee (Dkt. No. 8).  The Court determines, based on this affidavit, that Mr. Davis is entitled to proceed *in forma pauperis*.  For these reasons, the Court declines to adopt the Proposed Findings and Recommendations recommending that the Court dismiss Mr. Davis's petition for failure to pay the filing fee (Dkt. No. 6, at 3).

The Court grants, in part, and denies, in part, the Proposed Findings and Recommendations (Dkt. No. 6). The Court denies Mr. Harris's motion to hold his federal habeas corpus in abeyance (Dkt. No. 5). The Court determines that Mr. Davis is entitled to proceed *in forma pauperis* and declines to dismiss Mr. Davis's complaint for failure to pay the filing fee. The Court refers this case to Judge Kearney for further processing.

It is so ordered this 23rd day of February, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge