IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LARRY DAVID DAVIS,**                                                                          **PETITIONER**
**ADC #123330**

CASE NO. 4:21-cv-00462

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine Baker. Any party to this suit may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.  **Background:**

   A. **Trial Proceedings**

On June 5, 2019, Petitioner Larry David Davis pleaded guilty to theft of property in Pulaski County Circuit Court, Case No. 60CR-18-2635.[1] In his response, Director Payne recites the facts of the case: that on November 18, 2016, Mr. Davis was charged with theft of property after stealing approximately $11,265 from Ace Liquor Center in Cabot, Arkansas. (Doc. No. 17) After accepting his guilty plea, the circuit court entered a sentencing order and judgment sentencing Mr. Davis to five years in the Arkansas Department of Correction on the charge of theft of property on June 19, 2019. *Id*. Under the plea agreement, the court *nolle prossed* counts two and three, commercial burglary and breaking or entering. *Id*.

   B. **State Post-Conviction Remedies**

On August 21, 2019, Mr. Davis filed a *pro se* Rule 37 petition for postconviction relief in Pulaski County Circuit Court. (Doc. No. 17-1, Respondent's Exhibit A, pp. 36–40) Among other assertions, Mr. Davis contended that his counsel was ineffective by failing to argue for a speedy trial, and by failing to "do [his] motions for my preliminary hearings." *Id*. The circuit court denied the petition on June 1, 2020. (Doc. No. 17-1, Respondent's Exhibit A, pp. 230–32) The circuit court held that the contentions made by

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

Mr. Davis were either meritless or were issues that were not properly raised in a Rule 37 motion, and instead should have been argued on direct appeal. *Id*.

Mr. Davis appealed this denial to the Arkansas Court of Appeals. (Doc. No. 17-3, Respondent's Exhibit C) In his appeal, Mr. Davis argued his petition was wrongfully denied, as the circuit court did not hold a hearing. *Id*. He also argued that his indictment contained faulty information, his guilty plea was not knowingly and intelligently made, he was charged in the wrong jurisdiction, and that the state had no power to bring an indictment against him. *Id*. Finally, Mr. Davis brought forth several new arguments regarding ineffective assistance of counsel, including that his guilty plea was coerced by his attorney. *Id*. On May 5, 2021, the Arkansas Court of Appeals issued their opinion, affirming the denial of Mr. Davis's Rule 37 petition. (Doc. No. 17-2, Respondent's Exhibit B, p. 5) The court found that the new ineffective assistance of counsel claims were not properly preserved for review because they were not brought in the original petition. Additionally, the court held that Mr. Davis voluntarily and intelligently made his plea, that the circuit court acted properly in not holding a hearing on the Rule 37 motion, and that the rest of the claims were meritless. *Id*.

### C. Federal Habeas Petition

On May 27, 2021, Mr. Davis filed this pending *pro se* petition for writ of habeas corpus with this Court under 28 U.S.C. § 2254. (Doc. No. 2) Mr. Davis raises several grounds for relief. The first is a claim arguing that the circuit court should have held a hearing on his original Rule 37 motion. Mr. Davis also claims he was not given a speedy trial. Furthermore, Mr. Davis makes several claims regarding the ineffective assistance of

counsel. Specifically, Mr. Davis claims his counsel was ineffective for failing to move for dismissal for defective information, wrong jurisdiction, defective warrant, and a violation of his right to a speedy trial. *Id.*

Director Payne responds to the petition and asserts two arguments: that Mr. Davis has failed to state a cognizable claim; and, alternatively, that his claims are inexcusably procedurally defaulted. (Doc. No. 17)

### III.   **Procedural Default**:

For a claim to be properly raised in a federal habeas corpus petition, both "the factual grounds and legal theories on which the claim is based" must have been heard in the highest state court, otherwise the claim is not properly preserved. *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997). Federal review of a state conviction is barred by procedural default when the petitioner fails to fairly present the claim in state court and a state procedural rule would bar him from bringing the claim should he return to state court. *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012), cert. denied, 568 U.S. 1012 (2012) (a claim is procedurally defaulted when petitioner fails to raise it in state proceedings). Upon reviewing Mr. Davis's claims, it is clear that his claims regarding ineffective assistance of counsel are procedurally defaulted.

Ineffective assistance of counsel claims must be brought in a state post-conviction petition under Rule 37 of the Arkansas Rules of Criminal Procedure. ARK. R. CRIM. P. 37(c)(ii) (allowing defendants who have appealed their judgment of conviction 60 days to file a Rule 37 petition after a mandate is issued by the appellate court). While Mr. Davis did bring a Rule 37 petition, which did include claims of ineffective assistance of counsel,

these claims were denied primarily for state procedural reasons. (Doc. No. 17-1, Respondent's Exhibit A, pp. 230–32) Following the denial, Mr. Davis appealed, where he brought, for the first-time, new arguments related to ineffective assistance of counsel, distinct from the ineffective assistance of counsel arguments brought in his original Rule 37 motion. (Doc. No. 17-3, Respondent's Exhibit C) Though these ineffective assistance of counsel claims are worded slightly differently, this Court finds that they are sufficiently synonymous to the bulk of Mr. Davis's claims brought in his present federal habeas petition. (Doc. No. 2) The Arkansas Court of Appeals denied these new claims of ineffective assistance of counsel, due to an appellate court being prohibited from hearing an issue that is now being raised for the first time during the appeal. (Doc. No. 17-2, Respondent's Exhibit B, *Davis*, 2021 Ark. App., p. 4) Given that Mr. Davis failed to properly preserve his claims in state court, this Court is now unable to hear his claims.

Furthermore, this Court is also barred from hearing Mr. Davis's claims regarding speedy trial and no hearing being held for his original Rule 37 petition. A federal court may not consider a habeas corpus petition that has already been disposed of in state court based on nonfederal grounds. *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). When ruling on the Rule 37 petition, the Arkansas Court of Appeals ruled that no hearing was necessary when the Court "conclusively shows that the petition is without merit." (Doc. No. 17-2, Respondent's Exhibit B, citing *Duff v. State*, 2019 Ark. App. 108, 570 S.W.3d 522) Furthermore, Mr. Davis's claim of a speedy-trial violation is not proper under Arkansas law, as the circuit court described a Rule 37 motion was not the proper avenue to

bring this claim. (Doc. No. 17-1, Respondent's Exhibit A, p. 231) As such, Mr. Davis's claims are procedurally defaulted, precluding this Court from addressing these claims.

A petitioner's default can be excused, however, but only in limited circumstances. For excusal to be granted, the petitioner must show cause and actual prejudice resulting from the violation of federal law; or that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin v. Hawley*, 879 F.3d 307, 313-14 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when an objective, external, factor is shown to have infringed on the ability of comply with a state's procedural rule. *Id.* at 313 (citing *Coleman*, 501 U.S. at 753). Because Mr. Davis's claims are procedurally defaulted, he must establish cause and prejudice or actual innocence before the Court can address the merits of his constitutional claim.

Mr. Davis has not come forward with any objective factor external to the defense that impeded his efforts to comply with the state's post-conviction process to excuse the procedural default of his claims. Accordingly, the Court need not address prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

The Court could still review Mr. Davis's claims in spite of his procedural default if there were *new* evidence to support a claim of actual innocence. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). Mr. Davis has not alleged that he is actually innocent of the crime he was convicted of, as such, this Court need not address it.

Mr. Davis procedurally defaulted his claims. He has failed to meet the burden of excuse for procedural default; and he has failed to establish actual innocence. This Court cannot review the merits of his petition. The petition should be summarily dismissed.

**IV.** **Non-Cognizable Claims:**

Alternatively, Mr. Davis's habeas petition has failed to state a cognizable claim and should, therefore, be summarily dismissed.

The United States Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The standard of competency of counsel set forth in *McMann v. Richardson*, 397 U.S. 759, 771 (1970), is that a prisoner must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases."

Mr. Davis's claims of ineffective assistance of counsel and violation of a right to speedy trial all involve deprivation of rights that occurred prior to the entry of his guilty plea and, therefore, are waived by such guilty plea and are not cognizable in a federal habeas action. Regarding his current claims of ineffective assistance of counsel, Mr. Davis never alleges any error in his counsel's performance that had any effect on the voluntary and intelligent nature of his guilty plea. Rather, Mr. Davis's claims focus on counsel's

7

performance in general, and therefore, these claims are non-cognizable and should be dismissed.

While Mr. Davis does not challenge the voluntary and intelligent nature of his plea in his current petition, he did do so in his appeal to the Arkansas Court of Appeals, and appears to be asking the Court to consider this argument in his most recent motion. (Doc. No. 19) However, even if the Court did construe Mr. Davis's claims in the present petition as challenging the voluntary and intelligent nature of his guilty plea, his claims would still fail. If a petition for habeas corpus includes a claim that has been "adjudicated on the merits in State court" then the decision of the state court shall stand unless that decision is (1) in violation of federal law, or (2) the decision is unreasonable "in light of the evidence presented in the State court proceeding." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing 28 U.S.C.A. § 2254). This standard is "difficult to meet." *Id*, citing *Harrington v. Richter*, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011). Additionally, this standard is "highly deferential" to state courts, demanding that they "be given the benefit of the doubt." *Id*, citing *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). The Arkansas Court of Appeals found definitively that Mr. Davis's plea was in fact made voluntarily and intelligently. (Doc. No. 17-2, Respondent's Exhibit B, p. 3) Mr. Davis has not presented any evidence showing that this finding is in violation of federal law or unreasonable given the facts of the case. This Court, therefore, will not question the findings of the Arkansas Court of Appeals.

## VI. <u>Conclusion</u>:

Mr. Davis procedurally defaulted his claims. The Court recommends that Judge Baker DISMISS with prejudice Mr. Davis's petition for writ of habeas corpus.

Also pending is Mr. Davis's motion requesting to amend his petition to "delete any unexhausted claims." (Doc. No. 19) The Court has considered this motion and determined that it has no bearing on the decision of the Court; as such, this motion is DENIED.

DATED this 16th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE